UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE MCADORY,

    Plaintiff,

v.                                                               Case No. 22-cv-0598-bhl

ALEXIS LIMON, et al.,

    Defendants.

---

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

    Plaintiff Jermaine McAdory, who is incarcerated at the Milwaukee County Community Reintegration Center and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was housed at the Milwaukee County Jail. McAdory is proceeding on Fourteenth Amendment claims based on allegations that Defendants forced him to endure unconstitutional conditions of confinement after toilets on his floor overflowed. On October 25, 2023, Defendants moved for summary judgment. Dkt. No. 59. For the reasons explained below, the Court will grant Defendants' motion and dismiss this case.

## PRELIMINARY MATTERS

    Despite being specifically notified of his obligation to do so, McAdory failed to respond to Defendants' statement of proposed undisputed facts. There are consequences for this failure. Pursuant to the local rules, along with the motion for summary judgment, a moving party is required to file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). Per the rules, the

statement of proposed facts should consist of numbered paragraphs containing short factual statements with specific references to affidavits, declarations, parts of the record, and other supporting materials. Civil L. R. 56(b)(1)(C). Defendants submitted proposed findings of fact in support of their summary judgment motion in compliance with the local rules.

The rules require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to *each* paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

Because Plaintiff is unrepresented, the local rules required Defendants to include a copy of Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 with their motion for summary judgment. Defendants complied with this requirement. *See* Dkt. No. 59. Moreover, the day after Defendants moved for summary judgment, the Court entered a notice and order providing McAdory specific additional notice that he was required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact."[1] The Court warned McAdory that if he did "not indicate one way or the other, the Court w[ould] assume that he does not dispute the proposed fact and w[ould] accept the fact as true." Dkt. No. 66. The consequence of failing to respond to each of Defendants' proposed facts was well known to McAdory as months earlier the Court had deemed all facts asserted by Defendants in connection with their motion for summary judgment on exhaustion grounds as true because, while McAdory filed a legal brief and declaration, he did not respond to Defendants' proposed facts as required by the local rules and as ordered by the Court. *See* Dkt. No. 39 at 1.

---

[1] The Court re-mailed the notice and order to McAdory on November 7, 2023 after the original notice and order was returned to the Court as undeliverable.

As he did in response to Defendants' motion for summary judgment on exhaustion grounds, McAdory filed a legal brief and a supporting declaration in response to their motion for summary judgment on the merits, but, once again, he did not respond to Defendants' proposed facts. Accordingly, as McAdory was repeatedly warned, Defendants' proposed facts are deemed admitted for the purposes of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043, at * (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same).

With these considerations in mind, the Court turns to the substance of Defendants' summary judgment motion.

**BACKGROUND**

At the relevant time, McAdory was incarcerated at the Milwaukee County Jail, where Defendants Alexis Limon, Randall Wilborn, and Alfonso Greer worked as correctional officers. On March 6, 2022, at about midnight, the toilets on McAdory's pod overflowed. Limon contacted inmate workers about the flooding and asked them to clean up the excess water. After the inmate workers finished cleaning one of the cells, Limon approached McAdory's cell and informed him he could wait in the dayroom as the inmate workers cleaned his cell. McAdory informed Limon that he had slipped on the water and hit his head. Limon called for a nurse to come to the dayroom to evaluate McAdory, who was wearing only pants, a facemask, and sandals. McAdory did not complain to Limon that he was wet or covered in urine and feces. Dkt. No. 61 at ¶¶1-35.

The nurse evaluated McAdory and decided that he did not need to go to the hospital for treatment. McAdory became agitated and argued with Limon about going to the hospital. Three

3

officers, including Limon, restrained McAdory. Once the inmate workers finished cleaning McAdory's cell, Limon instructed McAdory to reenter his cell, but McAdory refused and continued to argue that he should go to the hospital. At no point did McAdory inform Limon that he was covered in urine and feces. Because McAdory continued to refuse to reenter his cell, other officers arrived to escort him to the segregation pod. Once McAdory entered the segregation pod, Limon returned to the general population pod. Dkt. No. 61 at ¶¶36-65.

McAdory was placed in a segregation cell at which time he changed into an undershirt, overshirt, new pants, and sandals. Three officers then escorted him to a new segregation cell, which had been cleaned after the prior inmate moved out, and less then a minute later, McAdory turned off his lights. The next day, on March 7, 2022, at a little after noon, McAdory was given new linens and allowed to take a shower. He was also provided with at least one hour out of cell for recreation. Inmates may obtain cleaning supplies at the officers' desk during recreation; officers will also provide inmates with cleaning supplies upon request. Dkt. No. 61 at ¶¶66-83.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than

4

simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

McAdory, who was a pretrial detainee at the time, asserts that Limon, Greer, and Wilborn violated his constitutional rights when they refused to allow him to take a shower after he slipped and fell in water that had overflowed from his toilet and refused to give him cleaning supplies despite him telling them his segregation cell was covered in human waste. Under *Hardeman v. Curran*, conditions of confinement claims brought by pretrial detainees are subject to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). To prevail on his claim, McAdory must first show that Defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [his] case." *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted). A showing of mere negligence or even gross negligence will be insufficient. *Id.* Next, he must show that Defendants' conduct was objectively unreasonable. *Id.* The focus is on "the totality of the circumstances" Defendants faced and whether their response was reasonable without regard to any subjective belief they may have held. *Id.*

Based on the undisputed facts, no jury could reasonably conclude that Defendants violated McAdory's constitutional rights. As to Limon, it is undisputed that McAdory refused to return to his general population cell after inmate workers finished cleaning it because he disagreed with the nurse's assessment that he should not be transported to the hospital. McAdory's clothing was dry

5

and at no point did McAdory inform Limon that his legs, arms, or feet were covered in urine and feces.  Once Limon and other officers escorted McAdory to the segregation pod, Limon returned to the general population pod where she was working.  Limon was not involved in placing McAdory into his new segregation cell.  Because no jury could reasonably conclude that Limon's actions were objectively unreasonable, she is entitled to summary judgment.

Greer is also entitled to summary judgment.  Greer did not work on March 6, 2022, so he was not one of the officers who placed McAdory in the segregation cell.  Dkt. No. 63 at ¶3.  Further, Greer explains that all segregation cells are cleaned before new inmates are placed in them.  Dkt. No. 61 at ¶77.  He states that he would never place an inmate into a feces- or urine-covered cell.  *Id.* at ¶76. Inmates may also request cleaning supplies at any time or get cleaning supplies from the officers' desk during their recreation hour.  *Id.* at ¶78-79.  Given that Greer did not place McAdory in the segregation cell and given that cleaning supplies were available to McAdory at any time upon request, no jury could reasonably conclude that Greer's actions in response to the conditions of McAdory's cell were objectively unreasonable.

Finally, it is undisputed that Wilborn was on vacation from March 6, 2022 through March 12, 2022 and did not work at the jail during that time.  Dkt. No. 61 at ¶¶88-89.  Wilborn could not have violated McAdory's constitutional rights if he was not at the jail during the incidents at issue.  He is therefore entitled to summary judgment.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED** and this case is **DISMISSED**.  The clerk of court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6

Case 2:22-cv-00598-BHL   Filed 03/25/24   Page 6 of 7   Document 81

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.